# Exhibit B

# Texas Commission on Environmental Quality



| | | |
|---|---|---|
| **IN THE MATTER OF AN** | § | **BEFORE THE** |
| **ENFORCEMENT ACTION** | § | |
| **CONCERNING** | § | **TEXAS COMMISSION ON** |
| **SPACE EXPLORATION** | § | |
| **TECHNOLOGIES CORP.** | § | **ENVIRONMENTAL QUALITY** |
| **RN111606745** | | |

## AGREED ORDER
### DOCKET NO. 2024-1282-IWD-E

### I. JURISDICTION AND STIPULATIONS

On _____, the Texas Commission on Environmental Quality ("the Commission" or "TCEQ") considered this agreement of the parties, resolving an enforcement action regarding Space Exploration Technologies Corp. (the "Respondent") under the authority of TEX. WATER CODE chs. 7 and 26. The Executive Director of the TCEQ, through the Enforcement Division, and the Respondent together stipulate that:

1. The Respondent owns and operates the Starbase Launch Pad Site located on the south side of the eastern terminus of State Highway 4 in Cameron County, Texas (the "Facility"). The Facility adjoins, is contiguous with, surrounds, or is near or adjacent to water in the state as defined in TEX. WATER CODE § 26.001.

2. The Executive Director and the Respondent agree that the TCEQ has jurisdiction to enter this Order pursuant to TEX. WATER CODE §§ 7.002, 7.051, and 7.073, and that the Respondent is subject to TCEQ's jurisdiction. The TCEQ has jurisdiction in this matter pursuant to TEX. WATER CODE § 5.013 because it alleges violations of TEX. WATER CODE ch. 26 and the rules of the TCEQ.

3. The occurrence of any violation is in dispute and the entry of this Order shall not constitute an admission by the Respondent of any violation alleged in Section II ("Allegations"), nor of any statute or rule.

4. An administrative penalty in the amount of $3,750 is assessed by the Commission in settlement of the violations alleged in Section II ("Allegations"). The Respondent paid $3,000 of the penalty and $750 is deferred contingent upon the Respondent's timely and satisfactory compliance with all the terms of this Order. The deferred amount shall be waived only upon full compliance with all the terms and conditions contained in this Order. If the Respondent fails to timely and satisfactorily comply with any of the terms or requirements contained in this Order, the Executive Director may demand payment of all or part of the deferred penalty amount.

5. The Executive Director and the Respondent agree on a settlement of the matters alleged in this enforcement action, subject to final approval in accordance with 30 TEX. ADMIN. CODE § 70.10(a). Any notice and procedures, which might otherwise be authorized or required in this action, are waived in the interest of a more timely resolution of the matter.

Space Exploration Technologies Corp.
DOCKET NO. 2024-1282-IWD-E
Page 2

6.  The Executive Director may, without further notice or hearing, refer this matter to the
    Office of the Attorney General of the State of Texas ("OAG") for further enforcement
    proceedings if the Executive Director determines that the Respondent has not complied
    with one or more of the terms or conditions in this Order.

7.  This Order represents the complete and fully integrated agreement of the parties.  The
    provisions of this Order are deemed severable and, if a court of competent jurisdiction
    or other appropriate authority deems any provision of this Order unenforceable, the
    remaining provisions shall be valid and enforceable.

8.  This Order shall terminate five years from its effective date or upon compliance with all
    the terms and conditions set forth in this Order, whichever is later.

9.  The Executive Director recognizes that by July 1, 2024, the Respondent implemented the
    following corrective measures at the Site: submitted an administratively complete
    permit application for an industrial wastewater individual permit, proposing to
    authorize discharges of wastewater associated to the Facility's water deluge system.
    Subsequently, TCEQ conducted a technical review of the application and determined
    that the proposed activities do not cause adverse risk to the environment.

## II. ALLEGATIONS

During a record review for the Facility conducted from July 25, 2024 through July 30, 2024, an
investigator documented that the Respondent failed to obtain authorization to discharge
industrial wastewater into or adjacent to any water in the state, in alleged violation of 30 TEX.
ADMIN. CODE § 305.42(a).  Specifically, the Respondent has been operating the Facility and
discharging industrial wastewater without proper authorization.  Industrial wastewater was
discharged without a Texas Pollutant Discharge Elimination System (TPDES) permit on March
14, 2024, April 5, 2024, May 8, 2024, and July 26, 2024.

## III. DENIALS

The Respondent generally denies each allegation in Section II ("Allegations").

## IV. ORDERING PROVISIONS

NOW, THEREFORE, THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY ORDERS that:

1.  The Respondent is assessed a penalty as set forth in Section I, Paragraph No. 4.  The
    payment of this penalty and the Respondent's compliance with all of the requirements
    set forth in this Order resolve only the allegations in Section II.  The Commission shall
    not be constrained in any manner from requiring corrective action or penalties for
    violations which are not raised here.  Penalty payments shall be made payable to "TCEQ"
    and shall be sent with the notation "Re: Space Exploration Technologies Corp., Docket
    No. 2024-1282-IWD-E" to:

Space Exploration Technologies Corp.
DOCKET NO. 2024-1282-IWD-E
Page 3

>Financial Administration Division, Revenue Operations Section
>Attention: Cashier's Office, MC 214
>Texas Commission on Environmental Quality
>P.O. Box 13088
>Austin, Texas 78711-3088

2.    The Respondent shall undertake the following technical requirements:

    a.    Immediately upon the effective date of this Order, until such a time that authorization to discharge is obtained or until 300 days after the effective date of this Order, whichever is earlier, the Respondent may continue to operate the Facility under the following conditions:

        i.    Any discharge of deluge water must meet the effluent limitations in the table below.

        Volume: Intermittent and flow-variable.

| Effluent Characteristics | Discharge Limitations |
|---|---|
| | Daily Maximum mg/L |
| Chemical Oxygen Demand | 200 |
| Oil & Grease | 15 |

        ii.    Additional sampling should be conducted and/or data should be collected for the following parameters: Flow; Temperature; Total Copper; Total Mercury; Total Thallium; and Total Zinc.

        iii.    Sampling should occur within one (1) hour, or at the earliest practicable time, following the conclusion of the launch event and be in accordance with 30 TEX. ADMIN. CODE §§ 319.11 and 319.12.

        iv.    Ensure that the pH of the discharge is not less than 6.0 standard units nor greater than 9.0 standard units. Monitoring must be no less than once per day when discharge occurs.

        v.    Effluent monitoring samples must be taken at the following locations.

            (1)    Outfall 001 as defined in the application referenced in Section I, Paragraph No. 9.

            (2)    Any other area where a discharge occurs that does not flow through Outfall 001.

    b.    All sampling results should be maintained at the Facility and made available upon request by TCEQ staff.

    c.    Respond completely and adequately, as determined by the TCEQ, to all requests for information concerning the permit application within 30 days after the date of such requests or by any other deadline specified in writing.

Space Exploration Technologies Corp.
DOCKET NO. 2024-1282-IWD-E
Page 4

    d.    Within 315 days after the effective date of this Order, submit written certification that authorization to discharge has been obtained, and include detailed supporting documentation including photographs, receipts, and/or other records to demonstrate compliance. The certification shall be signed by the Respondent and shall include the following certification language:

> "I certify under penalty of law that I have personally examined and am familiar with the information submitted and all attached documents, and that based on my inquiry of those individuals immediately responsible for obtaining the information, I believe that the submitted information is true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fines and imprisonment for knowing violations."

The certification shall be submitted to:

> Enforcement Division, MC 149A
> Texas Commission on Environmental Quality
> P.O. Box 13087
> Austin, Texas 78711-3087

with a copy to:

> Water Section Manager
> Harlingen Regional Office
> Texas Commission on Environmental Quality
> 1804 W. Jefferson Avenue
> Harlingen, Texas 78550-5247

3.    All relief not expressly granted in this Order is denied.

4.    The duties and provisions imposed by this Order shall apply to and be binding upon the Respondent. The Respondent is ordered to give notice of this Order to personnel who maintain day-to-day control over the Facility operations referenced in this Order.

5.    The Executive Director may grant an extension of any deadline in this Order or in any plan, report, or other document submitted pursuant to this Order, upon a written and substantiated showing of good cause. All requests for extensions by the Respondent shall be made in writing to the Executive Director. Extensions are not effective until the Respondent receives written approval from the Executive Director. The determination of what constitutes good cause rests solely with the Executive Director. Extension requests shall be sent to the Enforcement Division at the address listed above.

6.    This Order, issued by the Commission, shall not be admissible against the Respondent in a civil proceeding, unless the proceeding is brought by the OAG to: (1) enforce the terms of this Order; or (2) pursue violations of a statute within the Commission's jurisdiction, or of a rule adopted or an order or permit issued by the Commission under such a statute.

7.    This Order may be executed in separate and multiple counterparts, which together shall constitute a single instrument. Any page of this Order may be copied, scanned,

Space Exploration Technologies Corp.
DOCKET NO. 2024-1282-IWD-E
Page 5

digitized, converted to electronic portable document format ("pdf"), or otherwise
reproduced and may be transmitted by digital or electronic transmission, including but
not limited to facsimile transmission and electronic mail. Any signature affixed to this
Order shall constitute an original signature for all purposes and may be used, filed,
substituted, or issued for any purpose for which an original signature could be used.
The term "signature" shall include manual signatures and true and accurate
reproductions of manual signatures created, executed, endorsed, adopted, or authorized
by the person or persons to whom the signatures are attributable. Signatures may be
copied or reproduced digitally, electronically, by photocopying, engraving, imprinting,
lithographing, electronic mail, facsimile transmission, stamping, or any other means or
process which the Executive Director deems acceptable. In this paragraph exclusively,
the terms: electronic transmission, owner, person, writing, and written, shall have the
meanings assigned to them under TEX. BUS. ORG. CODE § 1.002.

8.      The effective date of this Order is the date it is signed by the Commission. A copy of
        this fully executed Order shall be provided to each of the parties.

Space Exploration Technologies Corp.
DOCKET NO. 2024-1282-IWD-E
Page 6

## SIGNATURE PAGE

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY


------------------------------------
For the Commission                                  Date


------------------------------------
For the Executive Director                          Date

I, the undersigned, have read and understand the attached Order. I am authorized to agree to the attached Order, and I do agree to the terms and conditions specified therein. I further acknowledge that the TCEQ, in accepting payment for the penalty amount, is materially relying on such representation.

I also understand that failure to comply with the Ordering Provisions, if any, in this Order and/or failure to timely pay the penalty amount, may result in:

•   A negative impact on compliance history;
•   Greater scrutiny of any permit applications submitted;
•   Referral of this case to the OAG for contempt, injunctive relief, additional penalties, and/or attorney fees, or to a collection agency;
•   Increased penalties in any future enforcement actions;
•   Automatic referral to the OAG of any future enforcement actions; and
•   TCEQ seeking other relief as authorized by law.

In addition, any falsification of any compliance documents may result in criminal prosecution.

------------------------------------          8-13-2024
Signature                                      Date

SHEILA MCCORKLE                                VP, STARSHIP LEGAL & REGULATORY
Name (Printed or typed)                        Title
Authorized Representative of
Space Exploration Technologies Corp.

☐   *If mailing address has changed, please check this box and provide the new address below:*

**Instructions:** Send the original, signed Order with penalty payment to the Financial Administration Division, Revenue Operations Section at the address in Ordering Provision 1 of this Order.

# Penalty Calculation Worksheet (PCW)

*Policy Revision 5 (January 28, 2021)*      *PCW Revision February 11, 2021*

**DATES**    Assigned `5-Aug-2024`
   PCW `5-Aug-2024`   Screening `5-Aug-2024`   **EPA Due** [ ]

## RESPONDENT/FACILITY INFORMATION
Respondent `Space Exploration Technologies Corp.`
Reg. Ent. Ref. No. `RN111606745`
Facility/Site Region `15-Harlingen`     **Major/Minor Source** `Minor`

## CASE INFORMATION
Enf./Case ID No. `66536`     No. of Violations `1`
Docket No. `2024-1282-IWD-E`     Order Type `1660`
Media Program(s) `Water Quality`     Government/Non-Profit `No`
Multi-Media     Enf. Coordinator `Mistie Gonzales`
    EC's Team `Enforcement Team 1`
Admin. Penalty $ Limit Minimum `$0` Maximum `$25,000`

## Penalty Calculation Section

**TOTAL BASE PENALTY (Sum of violation base penalties)**   *Subtotal 1* `$5,000`

### ADJUSTMENTS (+/-) TO SUBTOTAL 1
Subtotals 2-7 are obtained by multiplying the Total Base Penalty (Subtotal 1) by the indicated percentage.

**Compliance History**    **0.0%** Adjustment   *Subtotals 2, 3, & 7* `$0`
Notes: No adjustment for Compliance History.

**Culpability** `No`    **0.0%** Enhancement   *Subtotal 4* `$0`
Notes: The Respondent does not meet the culpability criteria.

**Good Faith Effort to Comply Total Adjustments**   *Subtotal 5* `-$1,250`

**Economic Benefit**    **0.0%** Enhancement*   *Subtotal 6* `$0`
Total EB Amounts `$1,589`   *Capped at the Total EB $ Amount*
Estimated Cost of Compliance `$25,000`

**SUM OF SUBTOTALS 1-7**   *Final Subtotal* `$3,750`

**OTHER FACTORS AS JUSTICE MAY REQUIRE**   **0.0%**   Adjustment `$0`
Reduces or enhances the Final Subtotal by the indicated percentage.
Notes:

    *Final Penalty Amount* `$3,750`

**STATUTORY LIMIT ADJUSTMENT**   *Final Assessed Penalty* `$3,750`

**DEFERRAL**   **20.0%** Reduction   Adjustment `-$750`
Reduces the Final Assessed Penalty by the indicated percentage.
Notes: Deferral offered for expedited settlement.

**PAYABLE PENALTY**   `$3,000`

**Screening Date** 5-Aug-2024     **Docket No.** 2024-1282-IWD-E     **PCW**
**Respondent** Space Exploration Technologies Corp.
**Case ID No.** 66536
**Reg. Ent. Reference No.** RN111606745
**Media** Water Quality
**Enf. Coordinator** Mistie Gonzales

*Policy Revision 5 (January 28, 2021)*
*PCW Revision February 11, 2021*

## Compliance History Worksheet

>> **Compliance History *Site* Enhancement (Subtotal 2)**

| Component | Number of... | Number | Adjust. |
|---|---|---|---|
| NOVs | Written notices of violation ("NOVs") with same or similar violations as those in the current enforcement action (*number of NOVs meeting criteria*) | 0 | 0% |
| | Other written NOVs | 0 | 0% |
| Orders | Any agreed final enforcement orders containing a denial of liability (*number of orders meeting criteria*) | 0 | 0% |
| | Any adjudicated final enforcement orders, agreed final enforcement orders without a denial of liability, or default orders of this state or the federal government, or any final prohibitory emergency orders issued by the commission | 0 | 0% |
| Judgments and Consent Decrees | Any non-adjudicated final court judgments or consent decrees containing a denial of liability of this state or the federal government (*number of judgments or consent decrees meeting criteria*) | 0 | 0% |
| | Any adjudicated final court judgments and default judgments, or non-adjudicated final court judgments or consent decrees without a denial of liability, of this state or the federal government | 0 | 0% |
| Convictions | Any criminal convictions of this state or the federal government (*number of counts*) | 0 | 0% |
| Emissions | Chronic excessive emissions events (*number of events*) | 0 | 0% |
| Audits | Letters notifying the executive director of an intended audit conducted under the Texas Environmental, Health, and Safety Audit Privilege Act, 74th Legislature, 1995 (*number of audits for which notices were submitted*) | 0 | 0% |
| | Disclosures of violations under the Texas Environmental, Health, and Safety Audit Privilege Act, 74th Legislature, 1995 (*number of audits for which violations were disclosed*) | 0 | 0% |

| | | | |
|---|---|---|---|
| Other | Environmental management systems in place for one year or more | No | 0% |
| | Voluntary on-site compliance assessments conducted by the executive director under a special assistance program | No | 0% |
| | Participation in a voluntary pollution reduction program | No | 0% |
| | Early compliance with, or offer of a product that meets future state or federal government environmental requirements | No | 0% |

*Adjustment Percentage (Subtotal 2)*   | 0% |

>> **Repeat Violator (Subtotal 3)**

| No |
|---|

*Adjustment Percentage (Subtotal 3)*   | 0% |

>> **Compliance History Person Classification (Subtotal 7)**

| Satisfactory Performer |
|---|

*Adjustment Percentage (Subtotal 7)*   | 0% |

>> **Compliance History Summary**

| Compliance History Notes | No adjustment for Compliance History. |
|---|---|

*Total Compliance History Adjustment Percentage (Subtotals 2, 3, & 7)*   | 0% |

>> **Final Compliance History Adjustment**

*Final Adjustment Percentage  \*capped at 100%*   | 0% |

# Economic Benefit Worksheet

**Respondent** Space Exploration Technologies Corp.
**Case ID No.** 66536
**Reg. Ent. Reference No.** RN111606745
**Media** Water Quality
**Violation No.** 1

| | | | | | Percent Interest | Years of Depreciation |
|---|---|---|---|---|---|---|
| | | | | | 5.0 | 15 |

| Item Description | Item Cost | Date Required | Final Date | Yrs | Interest Saved | Costs Saved | EB Amount |
|---|---|---|---|---|---|---|---|
| **Delayed Costs** | | | | | | | |
| Equipment | | | | 0.00 | $0 | $0 | $0 |
| Buildings | | | | 0.00 | $0 | $0 | $0 |
| Other (as needed) | | | | 0.00 | $0 | $0 | $0 |
| Engineering/Construction | | | | 0.00 | $0 | $0 | $0 |
| Land | | | | 0.00 | $0 | n/a | $0 |
| Record Keeping System | | | | 0.00 | $0 | n/a | $0 |
| Training/Sampling | | | | 0.00 | $0 | n/a | $0 |
| Remediation/Disposal | | | | 0.00 | $0 | n/a | $0 |
| Permit Costs | $25,000 | 24-Mar-2024 | 1-Jul-2025 | 1.27 | $1,589 | n/a | $1,589 |
| Other (as needed) | | | | 0.00 | $0 | n/a | $0 |

**Notes for DELAYED costs**
Permit delayed cost is the estimated amount to prepare and submit a permit application and obtain authorization to discharge industrial wastewater. The Date Required is the unauthorized discharge start date and the Final Date is the estimated date of compliance.

| Avoided Costs | ANNUALIZE avoided costs before entering item (except for one-time avoided costs) | | | | | | |
|---|---|---|---|---|---|---|---|
| Disposal | | | | 0.00 | $0 | $0 | $0 |
| Personnel | | | | 0.00 | $0 | $0 | $0 |
| Inspection/Reporting/Sampling | | | | 0.00 | $0 | $0 | $0 |
| Supplies/Equipment | | | | 0.00 | $0 | $0 | $0 |
| Financial Assurance | | | | 0.00 | $0 | $0 | $0 |
| ONE-TIME avoided costs | | | | 0.00 | $0 | $0 | $0 |
| Other (as needed) | | | | 0.00 | $0 | $0 | $0 |

**Notes for AVOIDED costs**

| Approx. Cost of Compliance | $25,000 | | **TOTAL** | $1,589 |
|---|---|---|---|---|

| | | |
|---|---|---|
| **Screening Date** 5-Aug-2024 | **Docket No.** 2024-1282-IWD-E | **PCW** |
| **Respondent** Space Exploration Technologies Corp. | | *Policy Revision 5 (January 28, 2021)* |
| **Case ID No.** 66536 | | *PCW Revision February 11, 2021* |
| **Reg. Ent. Reference No.** RN111606745 | | |
| **Media** Water Quality | | |
| **Enf. Coordinator** Mistie Gonzales | | |

**Violation Number**  1

**Rule Cite(s)**

| |
|---|
| 30 Tex. Admin. Code § 305.42(a) |

**Violation Description**

| |
|---|
| Failed to obtain authorization to discharge industrial wastewater into or adjacent to any water in the state. Specifically, the Respondent has been operating the Facility and discharging industrial wastewater without proper authorization. Industrial wastewater was discharged without a Texas Pollutant Discharge Elimination System (TPDES) permit on March 14, 2024, April 5, 2024, May 8, 2024, and July 26, 2024. |

**Base Penalty** $25,000

## >> Environmental, Property and Human Health Matrix

**OR**

| Release | Harm | | |
|---|---|---|---|
| | Major | Moderate | Minor |
| Actual | | | |
| Potential | | | |

**Percent** 0.0%

## >>Programmatic Matrix

| Falsification | Major | Moderate | Minor |
|---|---|---|---|
| | X | | |

**Percent** 10.0%

| Matrix Notes | 100% of the rule requirements were not met. |
|---|---|

**Adjustment** $22,500

$2,500

## Violation Events

**Number of Violation Events**  2          11  Number of violation days

| | |
|---|---|
| daily | |
| weekly | |
| monthly | |
| quarterly | x |
| semiannual | |
| annual | |
| single event | |

**Violation Base Penalty** $5,000

| |
|---|
| Two quarterly events are recommended from the discharge start date (March 14, 2024) to the screening date (August 5, 2024). |

## Good Faith Efforts to Comply          25.0%          Reduction  $1,250

| | Before NOE/NOV | NOE/NOV to EDPRP/Settlement Offer |
|---|---|---|
| Extraordinary | | |
| Ordinary | x | |
| N/A | | |
| Notes | TCEQ recognizes that the Respondent submitted an administratively complete application prior to the NOE and has been monitoring any discharge of deluge water. | |

**Violation Subtotal** $3,750

## Economic Benefit (EB) for this violation          Statutory Limit Test

**Estimated EB Amount** $1,589          **Violation Final Penalty Total** $3,750

**This violation Final Assessed Penalty (adjusted for limits)** $3,750

The TCEQ is committed to accessibility.
To request a more accessible version of this report, please contact the TCEQ Help Desk at (512) 239-4357.

 # Compliance History Report

Compliance History Report for CN602867657, RN111606745, Rating Year 2023 which includes Compliance History (CH) components from September 1, 2018, through August 31, 2023.

| | | | |
|---|---|---|---|
| **Customer, Respondent, or Owner/Operator:** | CN602867657, Space Exploration Technologies Corp. | **Classification:** SATISFACTORY | **Rating:** 0.40 |
| **Regulated Entity:** | RN111606745, STARBASE LAUNCH PAD SITE | **Classification:** UNCLASSIFIED | **Rating:** ----- |
| **Complexity Points:** | 3 | **Repeat Violator:** NO | |
| **CH Group:** | 14 - Other | | |
| **Location:** | Located on the south side of the eastern terminus of State Highway 4, Cameron County, Texas | | |
| **TCEQ Region:** | REGION 15 - HARLINGEN | | |

**ID Number(s):**

**STORMWATER** PERMIT TXR05GD61
**WASTEWATER** PERMIT WQ0005462000
**EMERGENCY RESPONSE** ID NUMBER R15111606745

**INDUSTRIAL AND HAZARDOUS WASTE** EPA ID TXR000086156

**STORMWATER** PERMIT TXR1515PQ
**WASTEWATER** EPA ID TX0146251
**INDUSTRIAL AND HAZARDOUS WASTE** SOLID WASTE REGISTRATION # (SWR) 98370

**Compliance History Period:**  September 01, 2018 to August 31, 2023     **Rating Year:** 2023     **Rating Date:** 09/01/2023

**Date Compliance History Report Prepared:**   August 05, 2024

**Agency Decision Requiring Compliance History:**   Enforcement

**Component Period Selected:**   August 05, 2019 to August 05, 2024

**TCEQ Staff Member to Contact for Additional Information Regarding This Compliance History.**

**Name:** Mistie Gonzales                                    **Phone:**  (254) 761-3056

## Site and Owner/Operator History:

1) Has the site been in existence and/or operation for the full five-year compliance period?      NO
2) Has there been a (known) change in ownership/operator of the site during the compliance period?      NO

## Components (Multimedia) for the Site Are Listed in Sections A - J

**A. Final Orders, court judgments, and consent decrees:**
   N/A

**B. Criminal convictions:**
   N/A

**C. Chronic excessive emissions events:**
   N/A

**D. The approval dates of investigations (CCEDS Inv. Track. No.):**
   Item 1          February 01, 2024          (1904680)

**E. Written notices of violations (NOV) (CCEDS Inv. Track. No.):**
   A notice of violation represents a written allegation of a violation of a specific regulatory requirement from the commission to a regulated entity.   A notice of violation is not a final enforcement action, nor proof that a violation has actually occurred.
   N/A

**F. Environmental audits:**

N/A

**G.  Type of environmental management systems (EMSs):**
    N/A

**H.  Voluntary on-site compliance assessment dates:**
    N/A

**I.  Participation in a voluntary pollution reduction program:**
    N/A

**J.  Early compliance:**
    N/A

**Sites Outside of Texas:**
    N/A

**Component Appendices**

**Appendix A**
**All NOVs Issued During Component Period 8/5/2019 and 8/5/2024**


N/A

**Appendix B**
**All Investigations Conducted During Component Period August 05, 2019 and August 05, 2024**

Item 1*            February 01, 2024            (1904680)


* No violations documented during this investigation
**Investigation applicable for the Compliance History Rating period between 09/01/2018 and 08/31/2023.