# PERALES, ALLMON & ICE, P.C.
## ATTORNEYS AT LAW

1206 San Antonio Street
Austin, Texas 78701
(512) 469-6000 • (512) 482-9346 (facsimile)
info@txenvirolaw.com

Of Counsel:
David Frederick
Richard Lowerre
Vic McWherter

October 1, 2024

Mistie Gonzales
Enforcement Coordinator
TCEQ Enforcement Division
P.O. Box 13087, MC 219
Austin, Texas 78711-3087

*Via TCEQ eFiling and Facsimile*

**Re:   Comments Regarding the Agreed Order between TCEQ and Space Exploration Technologies Corporation, TCEQ Docket No. 2024-1282-IWD-E.**

Dear Ms. Gonzales:

Pursuant to Texas Water Code § 7.075 and on behalf of our clients, Save RGV, the Carrizo/Comecrudo Nation of Texas, Inc., the South Texas Environmental Justice Network, and Clean Water Action, we submit these comments regarding the Agreed Order ("AO") between TCEQ and Space Exploration Technologies Corporation ("SpaceX"), notice of which was published in the Texas Register on August 30, 2024.

### I.   Background

SpaceX conducted its first test launch of the Starship/SuperHeavy rocket on April 20, 2023. It had no flame deflector or water deluge system in place at the time, and a disastrous explosion of the concrete launch pad ensued.[1] The resulting storm of fire, dust, and debris reached more than 385 acres of land in the area and caused extensive damage to sensitive ecosystems.

SpaceX implemented a deluge system thereafter, which Elon Musk, the founder of SpaceX, described the system as "[b]asically, a massive, super strong steel shower head pointing up."[2] According to the FAA, the deluge system has the ability to disperse deluge water up to 0.6 miles across the local landscape, due to the vapor cloud and subsequent

---

[1] Davila, Gaige. "SpaceX is grounded after rocket explosion caused extensive environmental damage." *Texas Public Radio*. April 27, 2023. Available at: https://www.tpr.org/environment/2023-04-27/photos-spacex-is-grounded-after-rocket-explosion-caused-extensive-environmental-damage.

[2] Chang, Kenneth. "SpaceX Shifts the 2nd Launch of Its Starship Rocket to Saturday." *The New York Times*. Nov. 18, 2023. Available at: https://www.nytimes.com/2023/11/16/science/spacex-starship-launch-elon-musk.html.

condensation.[3] The same FAA document indicates that SpaceX intends to activate the deluge system during each engine static fire test and vehicle launch.[4]

To date, SpaceX used the deluge system during a launch that occurred on November 18, 2023 at approximately 7:02 AM CST,[5] again during a launch that occurred on March 14, 2024 at approximately 8:25 AM CDT,[6] and most recently, during its June 6, 2024 Starship launch, during which it activated the deluge system twice.[7] Additionally, SpaceX used the deluge system during at least some static fire tests. Known static fire tests in the past year have occurred on June 26, 2023, July 28, 2023, August 6, 2023, August 25, 2023, October 20, 2023, December 20, 2023, December 29, 2023, April 5, 2024, May 8, 2024, and July 26, 2024.

In March 2024, EPA entered a compliance order against SpaceX, effective March 14, 2024, the day it was received by SpaceX. On April 16, 2024, EPA communicated to SpaceX that the deluge system activities are not covered by the stormwater multi-sector general permit. SpaceX proceeded with multiple static fire tests and the June 6, 2024 launch despite EPA's compliance order and related communications knowing that use of deluge system constituted a violation of the Clean Water Act.

According to publicly available information, between August 2023 and June 2024, TCEQ received at least fourteen complaints from members of the public regarding the deluge system operating without a permit. In fact, in an email on August 3, 2023, Cari-Michel La Caille, Director of TCEQ's Office of Water, acknowledged that TCEQ was aware of SpaceX activities regarding deluge water from the rocket launch facility.[8]

On June 4, 2024, Save RGV sent a notice of intent to sue letter to SpaceX with a copy sent to TCEQ. On July 1, 2024, SpaceX filed an application with TCEQ for an individual industrial wastewater permit. Finally, on August 2, 2024, TCEQ issued a notice of enforcement to SpaceX, though the notice was not made available to the public until it was produced in response to a public information request on August 13, 2024. The proposed Agreed Order was published on August 30, 2024, giving the public only 30 days to comment.

---

[3] "Addendum to the October 2021 Biological Assessment for the SpaceX Starship-Super Heavy Launch Vehicle Program at the SpaceX Boca Chica Launch Site in Cameron County, Texas Addressing Operation of a Deluge System" at 8-9. Federal Aviation Administration. October 2023. Available at: https://www.faa.gov/media/72826.
[4] *Id*. at 1.
[5] Available at: https://www.spacex.com/launches/mission/?missionId=starship-flight-2.
[6] Available at: https://www.spacex.com/launches/mission/?missionId=starship-flight-3.
[7] Available at: https://www.spacex.com/launches/mission/?missionId=starship-flight-4.
[8] Attachment A, email correspondence from Cari-Michel La Caille (Aug. 3, 2023).

## II. TCEQ disregarded ongoing violations and complaints from the public for nearly one year, so the comment period should be extended following notice provided in Spanish.

The record shows that TCEQ has been aware since at least August 2023 of SpaceX's unpermitted discharges from its deluge system and failed to act for nearly one year. There is no indication in publicly available documents that TCEQ responded to or acted on any of the more than one dozen complaints from the public alleging violations from the deluge system until August 2024. For these reasons and those articulated below, the public comment period on the AO should be extended for an additional 60 days beyond the date that information regarding SpaceX's economic benefit is made public, and before any decision on the AO is set for Commissioners Agenda.

Furthermore, the SpaceX Boca Chica Launch Site deluge system individual wastewater permit is subject to the alternative language notice requirements in 30 Tex. Admin. Code, Section 39.426, requiring notice in Spanish. Therefore, notice of the AO should also be provided in Spanish.

## III. The AO is not a TPDES permit or substitute for a TPDES permit, and may not legally authorize discharges subject to the Clean Water Act.

The Clean Water Act requires all discharges covered by the statute must be in accordance with an NPDES permit or state-delegated permit, such as Texas's TPDES permit.[9] It is well recognized that this requirement is "unconditional and absolute."[10] The AO acknowledges that SpaceX currently lacks a permit for its discharges from the deluge system. The AO does not provide any authority for disregarding the CWA's requirement for a permit, yet it does propose to authorize SpaceX to continue to discharge from the deluge system until such time that a permit is obtained or until 300 days after the effective date of AO.[11] The AO is not and cannot be a substitute for the required CWA permit.[12] Therefore, Ordering Provision 2 (Subsection IV.2) should be rejected and stricken in its entirety from any approved order.

The CWA proscribes specific procedural and substantive requirements for issuance of a permit, many of which cannot be satisfied by an agreed order and have not been satisfied here

---

[9] *See* 33 U.S.C. § 1311(a).
[10] *Puget Soundkeeper All. v. Cruise Terminals of Am., LLC*, No. C14-0476-JCC, 2014 WL 4649952, at *2, n. 4 (W.D. Wash. Sept. 16, 2014).
[11] AO at 3 (Subsection IV.2).
[12] *Waterkeeper All., Inc. v. U.S. E.P.A.*, 399 F.3d 486 (2d Cir. 2005) ("The Clean Water Act demands regulation in fact, not only in principle."); *Montgomery Envt'l Coal., Inc. v. U.S. EPA*, 1983 U.S. App. LEXIS 27509, n.6 (D.C. Cir. 1983) (not designated for publication) (explaining that a compliance order does not relieve a permittee from its legal obligation of complying with its NPDES permit and that the permittee may still be liable under a citizen's suit).

3

> For example, public notice and comment must be provided for a draft NPDES permit. *See* 33 U.S.C. §§ 1342(a)(3), 1342(b)(3); 40 C.F.R. § 123.25(26)-(33) (listing requirements for an approved state program), § 124.6(a) (draft permit required unless NPDES permit application denied), § 124.6(d) (draft NPDES permit must include effluent limitations), § 124.10(a)(1)(ii) (public notice of draft permit required), § 124.10(b) (at least 30 days for public comment required), § 124.11 (interested persons may submit comments and request hearing), § 124.17 (requires response to public comments by issuing agency). NPDES permits are required to have effluent limitations, inter alia, in both their final and draft form. 40 C.F.R. §§ 122.44, 123.25(15), 124.6(d).[13]

Of significance here is the requirement that interested persons be able to submit comments, receive a response to comments from TCEQ, and request a hearing.[14] Each of these requirements are applicable to State programs. Texas has incorporated these provisions, pursuant to its delegation, and to deviate from them, except to make the requirements more stringent, would run afoul of this delegation.[15]

According to the AO, SpaceX has submitted an administratively complete permit application for an individual industrial wastewater permit that would cover the discharges associated with the deluge system, but this permit is not final and approved yet.[16] In fact, the permit application is still subject to public comment, a public meeting having been scheduled for Thursday, October 17, 2024 at 7:00 PM in Brownsville, Texas.

It is not until after this deadline for public comments, must the Executive Director consider the comments and prepare a response to comments ("RTC"). And only after the RTC is issued, must persons request a contested case hearing. The ED may not issue final approval of the application if timely hearing requests or requests for reconsideration are filed.

The notice of SpaceX's application indicates that discharges from the deluge system are expected to contain total dissolved solids, nitrate-nitrogen, phosphorus, sulfate, chloride, fluoride, aluminum, cadmium, chromium, copper, cyanide, and zinc.[17] Elsewhere, the application indicates that the following pollutants may also be present: arsenic, barium, lead, mercury, nickel, and selenium.[18] An NPDES/TPDES permit must ensure compliance with federal and state water quality standards, and affected persons have a right to request a hearing should the agency's draft permit not comply.

---

[13] *PennEnvironment v. PPG Indus., Inc.*, 964 F. Supp. 2d 429, 458 (W.D. Pa. 2013).
[14] 40 C.F.R. §§ 124.11-.12.
[15] *See* 40 C.F.R. § 123.25(a).
[16] AO at 2 (Subsection I.9).
[17] Wastewater Individual Permit Application Plain Language Template at 1.
[18] Wastewater Individual Permit Application Technical Report at 60-61.

4

Furthermore, certain technical requirements in the AO are grossly deficient and must be addressed during a permitting process, subject to public comment and hearing. For example, the requirement found in subsection IV.2.a.iii, regarding sampling is unenforceable. This provision requires that SpaceX sample within one hour of a launch event, or at the earliest practicable time following conclusion of the launch event. First, SpaceX may use the deluge system for static fire tests as well as launch events. So, the requirement to sample should be tied to use of the deluge system, not only launch events. Second, the use of the deluge system is a planned event, therefore, it is not necessary to allow for sampling to occur "at the earliest practicable time" nor is it reasonable to allow SpaceX this latitude, given its prior compliance history. Also, Subsection IV.2.b does not comply with requirements of the CWA and Commission rules because it does not comply with self-reporting requirements.[19]

## IV. The total amount of the proposed administrative penalty serves no public purpose.

Pursuant to TCEQ Rules, the purpose of an administrative penalty is "to penalize and deter non-compliance with the commission's rules and to recover any economic benefit resulting from the non-compliance as the commission determines is appropriate."[20] The proposed penalty of $3,750 fails to even approach accomplishing this purpose. Rather, the absurdly low figure risks the integrity of our State's environmental agency and encourages other bad actors to approach our environmental regulations with the same disregard.

As previously explained, SpaceX knowingly and repeatedly violated the Clean Water Act by discharging from its deluge system without a permit even after it was informed by EPA that the discharge would require an individual permit. Furthermore, there is nothing in any publicly available documents that indicates the TCEQ has considered the economic benefit resulting from non-compliance, even though the non-compliance allowed SpaceX to complete three test launches and numerous static fire tests from the Boca Chica Launch Site prior to obtaining a permit. The proposed administrative penalty should be rejected and the TCEQ should request additional information necessary to determine SpaceX's economic benefit from non-compliance.[21] This information should be made public and the public should be allowed an additional 60 days from that date to comment, given the severity of these violations and the public interest.

Furthermore, the AO proposes to defer $750 of the $3,750 administrative penalty assessed and ultimately waive the $750 upon full compliance with the terms and conditions contained in the AO.[22] There is no conceivable public purpose provided by waiving any

---

[19] *See, e.g.*, 40 C.F.R. § 122.44, .48.
[20] 30 Tex. Admin. Code § 70.1(b).
[21] 30 Tex. Admin. Code § 70.1(d) ("Nothing in this chapter shall constrain the commission from issuing an enforcement order pursuant to Texas Water Code, §7.051 that assesses an administrative penalty that is different from a penalty proposed by the executive director.").
[22] AO at 1 (Subsection I.4).

portion of SpaceX's administrative penalty upon compliance, particularly since, as previously explained, the AO cannot substitute for an NPDES permit. This leaves the only other "corrective measure" required by the AO as the submittal of the permit application itself, which will be required if SpaceX intends to comply with the Clean Water Act for *future* discharges, and thus, cannot constitute a corrective measure for *prior* discharges.

Waiving a penalty or a portion of a penalty upon full compliance is typically meant to balance accountability with practicality, and achieve goals such as: (1) encouraging actual compliance; (2) providing a second chance to the violator to rectify mistakes; (3) fostering a cooperative relationship with the permittee; (4) using limited funds to actually implement improvement projects rather than just be paid as penalty; and (5) reduce administrative burden. As should be abundantly clear at this point, none of these goals would be achieved by waiving any portion of the administrative penalty assessed to SpaceX. SpaceX must get a permit if it wants to continue to utilize its deluge system, for which it has been on notice for more than one year and, despite this notice, has continued to knowingly and openly violate the federal Clean Water Act and our State's TPDES permitting requirements. SpaceX has already placed an administrative burden on TCEQ, to its own financial benefit. Forgiving any portion of the administrative penalty undermines the integrity of our State's environmental agency. Therefore, the Commission should reject the proposed penalty, and instruct that a revised penalty be based on SpaceX's economic benefit from non-compliance and without any portion to be waived.

## V.     Conclusion

For the reasons described above, Save RGV, the Carrizo/Comecrudo Nation of Texas, Inc., the South Texas Environmental Justice Network, and Clean Water Action urge the Commission to deny the proposed Agreed Order, strike any authorization to allow discharges without an NPDES/TPDES permit, and reassess the administrative penalty after consideration of the economic benefit to SpaceX from its noncompliance and only after extending the public comment period 60 days from making relevant information available to the public and notice of the AO provided in Spanish.

Please contact us with any questions.

Respectfully submitted,

*/s/ Lauren Ice*
Marisa Perales
State Bar No. 24002750
marisa@txenvirolaw.com
Lauren Ice
State Bar No. 24092560
lauren@txenvirolaw.com

**PERALES, ALLMON & ICE, P.C.**
1206 San Antonio St.
Austin, Texas 78701
Tel: (512) 469-6000
Fax: (512) 482-9346

*Counsel for Save RGV, the Carrizo/Comecrudo Nation of Texas, Inc., the South Texas Environmental Justice Network, and Clean Water Action*

# ATTACHMENT A

# SpaceX Boca Chica, Texas

From: Cari-Michel Lacaille (cari-michel.lacaille@tceq.texas.gov)

To: txfinder@att.net

Date: Thursday, August 3, 2023 at 12:12 PM CDT

Ms. Branch,

Thank you for your correspondence to the Texas Commission on Environmental Quality (TCEQ) dated July 31, 2023, regarding the Starbase Production Site (SpaceX at Boca Chica) located at the eastern terminus of Boca Chica Boulevard in Brownsville, Texas.

TCEQ is federally delegated by the U.S. Environmental Protection Agency to implement the Texas Pollutant Discharge Elimination System (TPDES) program to control discharges of pollutants to surface waters of the Unites States. TPDES permits are developed under Chapter 26 of the Texas Water Code, which authorizes TCEQ to set requirements in a permit for discharges of wastewater into surface water in the state. TCEQ prepares draft wastewater authorizations that comply with state and federal water quality rules and regulations.

The Starbase Production Site is a vertical rocket launch facility. Deluge water from rocket launches would be a type of industrial wastewater. However, the need for a permit or any other type of authorization is dependent on the site activity, wastewater quality and quantity, and disposal method. TCEQ are working with SpaceX representatives regarding activities that may require a permit or authorization.  Space X is responsible for determining which, if any, wastewater authorizations are required for their facility, based on the activities at the site, and applying for the appropriate authorizations. However, TCEQ is currently evaluating the use of the pressurized water system as part of launch operations. The evaluation will determine the applicability of TCEQ regulations for the use of this system.

SpaceX at Boca Chica (RN107697088) has one active authorization listed above, MSGP TXR05GD28. If you have any additional questions concerning wastewater permitting, please contact Robert Sadlier, Deputy Director of the Water Quality Division, at Robert.Sadlier@tceq.texas.gov.

Thank you,

Cari-Michel La Caille



Cari-Michel La Caille, Director
Office of Water

Texas Commission on Environmental Quality

Phone: (512)239-6479

E-Mail: cari-michel.lacaille@tceq.texas.gov

---

**From:** Mary Angela Branch <txfinder@att.net>
**Sent:** Monday, July 31, 2023 3:49 PM
**To:** COMMISSR <COMMISSR@tceq.texas.gov>; Michael Jansky <jansky.michael@epa.gov; debra.haaland@doi.gov;

Hudson Jayson M CIV USARMY CESWG (USA) <jayson.m.hudson@usace.army.mil>; pete.buttigieg@dot.gov; Chuck CA Ardizzone <chuck_ardizzone@fws.gov>; Ernesto Reyes <ernesto_reyes@fws.gov>; Dawn Gardiner <dawn_gardiner@fws.gov>; Chris Perez <chris_perez@fws.gov>; Paul Kaspar <kaspar.paul@epa.gov>; Maria Martinez <martinez.maria@epa.gov>; chair@ceq.eop.gov; Amy B. EOP/CEQ Coyle <amy.b.coyle@ceq.eop.gov>; Amflz Vickysantiago Co Info <info@amflz.vickysantiago.co.nz>
**Subject:** Fw: CWA violations of SpaceX Boca Chica, Texas

Having received an out of office reply from my regional investigative and enforcement office of TCEQ Harlingen, TX, see reply below, I am forwarding to all entities in hopes of receiving an answer. This has been a years long process of asking the same questions over and over, from the same entity, TCEQ both in Austin and Harlingen, TX and receiving very vague to little answers. Now we ask that someone, someone, please take a long hard look at this situation and provide the citizens some concrete, sound, legal answers. Surely one of these regulatory agencies can provide insight. We all know what is going on there is wrong, in violation, and yet you turn a blind eye. From the federal level, to the county level, elected officials and hired regulatory officials, ALL turn a blind eye. In the wake of violent climate change, extreme degradation of sensitive wild and natural land and oceans, each entity still washes their hands of accountability. We are tired of hearing "It's not my jurisdiction." Well, the planet is all our jurisdiction and we have lost our public beach, our state park and now our national wildlife refuge.

> Please review the questions below and give us some answers. If we are wrong, misinformed, or merely uneducated on permit law, we ask to be enlightened.
> Thank you!
>
>
> **Mary Angela Branch**

----- Forwarded Message -----
**From:** Mary Angela Branch <txfinder@att.net>
**To:** Jaime Garza <jaime.garza@tceq.texas.gov>; Monica Galvan <monica.galvan@tceq.texas.gov>
**Cc:** Jim Chapman <jchapmanrgv@gmail.com>; Molly Smith <molly.smith24@gmail.com>
**Sent:** Monday, July 31, 2023 at 01:25:57 PM CDT
**Subject:** Email follow up to my voice mail just now

Hello Jaime,

It's Angela Jones, Save RGV. Since you sent the investigative reports on June 23, 2023 from our earlier conversations and concerns regarding SpaceX at Boca Chica, this has now cropped up. (See link below.) We are all extremely concerned. Who can we contact that can explain why SpaceX was allowed to do a full pressure test on this system at the launch site last week without having the necessary permits? Can you or someone at TCEQ tell us whether this deluge system needs an individual TPDES permit? We specifically discussed this at our meeting with you and Monica back in January and emailed you further concerns as they began constructing this deluge system. We questioned, and you concurred, that deluge water is significantly different than stormwater. This appears to us to be a very clear violation of the CWA. TCEQ only has Stormwater permits on file for this facility. In speaking with you and others at TCEQ in Austin, it is evident TCEQ was very aware that this type of deluge water from the launch site did not meet the criteria for Stormwater, and according to NASA, deluge water is wastewater. In an email from Ms. Cari-Michel La Caille, director of the office of water at TCEQ, dated December 8, 2022, "Deluge wastewater from rocket launches would be a type of industrial wastewater." And in that same email she said "As of December 5, 2022, TCEQ had not received an industrial wastewater application for this site." Can you now tell us a) what type of industrial wastewater this is and b) why is this is just now being "looked into?" Can you explain how something like this can occur and significantly further impact the habitat at Boca Chica and waters of the U.S. without a permit

application having been submitted in accordance with TCEQ rules?   Will you or someone respond to us in a timely manner, and confirm that this is NOT a violation of the CWA and that this type of deluge system is covered under their current permits?

 I am disheartened and quite astonished that our regulatory agency is not in front of this and that we continue to ask the same questions over and over.  This needs to be resolved.

Thank you,
Mary Angela Branch
1025 Tarpon Ave.
Port Isabel, TX  78578

mailing:
2005 Rodeo Drive
Austin, TX  78727

512-431-5884

SpaceX hasn't obtained environmental permits for 'flame deflector' system it's testing in Texas



**SpaceX hasn't obtained environmental permits for 'flame deflector' syste...**

Lora Kolodny

Elon Musk's SpaceX didn't apply for the environmental permits usually required to discharge industrial process w...

a

**Angela Jones**
**512-431-5884**
**angela@angelajonesknows.com**

**Licensed by the Texas Real Estate Commission**
**License #609027**

*** No e-mails sent or received shall constitute a legally binding contract unless and until a contract is written and signed by all parties.*

**** I will NEVER ask you to wire funds or send funds to anyone. If you are contacted to wire funds, contact your agent immediately.*

*ATTENTION! The information contained in this e-mail may be CONFIDENTIAL and PRIVILEGED. It is intended for the individual or entity named above. If you are not the intended recipient, please be notified that any use, review, distribution or copying of this e-mail is strictly prohibited. Thank you.*

image003.emz
1.7kB