

**REGION 6**
DALLAS, TX 75270

March 13, 2024

TRANSMITTED VIA E-MAIL

Ms. Matthew Thompson, Sr. Director
Environmental Health and Safety
Space Exploration Corporation (SpaceX)
Rocket Road
Hawthorne, CA 90205
matthew.thompson@spacex.com

RE: Administrative Order Docket Number: CWA-06-2024-1746
 Facility Identification Number: TXU009110
 SpaceX

Dear Mr. Thompson:

Enclosed is an Administrative Order (AO) issued to SpaceX, for violations of the Clean Water Act (CWA) (33 U.S.C. § 1251 et seq.). Violations were identified during a review of the response to an information request issued to SpaceX on August 25, 2023. The violations alleged are for discharges to waters of the United States without a permit. The EPA requests that you immediately confirm receipt of this e-mail and the attached order by a response e-mail to vaughn.alan@epa.gov

This AO does not assess a monetary penalty; however, it does require compliance with applicable federal regulations. The first compliance deadline is within thirty days of the effective date of the AO. The Environmental Protection Agency is committed to ensuring compliance with the requirements of the CWA and National Pollutant Discharge Elimination System (NPDES) program and my staff will assist you in any way possible. Please reference AO Docket Number CWA-06-2024-1746 and Facility Identification Number TXU009110 on your response.

If you have any questions, please contact Mr. Alan Vaughn of my staff, at (214) 665-7487 or vaughn.alan@epa.gov.

Sincerely,

*Cheryl T. Seager*
Digitally signed by Cheryl T. Seager
Date: 2024.03.13 15:24:28 -05'00'

Cheryl T. Seager, Director
Enforcement and
 Compliance Assurance Division

Enclosure:

ec:    kristy.deaver@tceq.texas.gov
       david.ramirez@tceq.texas.gov

       Sarah Banco, Sr. Director, Legal
       sarah.banco@spacex.com

       Joseph Smith, Counsel Environmental
       joseph.smith@spacex.com



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
Region 6 •
**FINDINGS OF VIOLATION AND COMPLIANCE ORDER**
Docket Number:  CWA-06-2024-1746
Facility Identification Number: TXU009110

### STATUTORY AUTHORITY

The following findings are made, and Order issued, under the authority vested in the Administrator of the United States Environmental Protection Agency (EPA), Section 309(a) of the Clean Water Act (the Act), 33 U.S.C. § 1319(a). The Administrator of EPA delegated the authority to issue this Order to the Regional Administrator of EPA Region 6, who delegated this authority to the Director of the Enforcement and Compliance Assurance Division.

### FINDINGS

1.  Space Exploration Technologies Corporation (Respondent) is a "person," as that term is defined at Section 502(5) of the Act, 33 U.S.C. § 1362(5), and 40 C.F.R. 122.2.

2.  At all times relevant to this Order (all relevant times), Respondent owned or operated the SpaceX Boca Chica launch site (facility) located at Boca Chica Boulevard, Boca Chica Village, Cameron County, Texas, (Latitude 25.996454; Longitude -97.154724) and was, therefore, an "owner or operator" within the meaning of 40 C.F.R. § 122.2.

3.  At all relevant times, either the water deluge system or liquid oxygen tank at the facility was a "point source" of a "discharge" of "pollutants" to wetlands bordering the facility. The wetlands bordering the facility are "navigable waters" as defined in Clean Water Act Section 502(7) and thus "waters of the United States" because they have a continuous surface connection to a traditional navigable water, the Rio Grande.

4.  Because Respondent owned or operated a facility that is a point source of discharges of pollutants to waters of the United States, Respondent and the facility were subject to the Act and the National Pollutant Discharge Elimination System (NPDES) program.

5.  Under Section 301 of the Act, 33 U.S.C. § 1311, it is unlawful for any person to discharge any pollutant from a point source to waters of the United States, except as authorized under the Act by, for example, an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

6.  Section 402(a) of the Act, 33 U.S.C. § 1342(a), provides that the Administrator of EPA may issue permits under the NPDES program for the discharge of pollutants from point sources to waters of the United States. Any such discharge is subject to the specific terms and conditions prescribed in the applicable permit.

7.  Section 402 of the Act, 33 U.S.C. § 1342, authorizes states to request approval from EPA to administer their own permit programs for discharges to navigable waters within their jurisdiction. Pursuant to this provision, the State of Texas requested approval from EPA to administer its own permit program for discharges to navigable waters within Texas, and such approval was granted by EPA on September 14, 1998. Therefore, pursuant to the State's permit program, the Texas Commission on Environmental Quality (TCEQ) issues Texas Pollutant Discharge Elimination System (TPDES) permits. Violation of a TPDES permit is a violation of Section 301(a) of the Act, 33 U.S.C. § 1311(a).

8.  Respondent does not have a TPDES Permit (permit) issued under Section 402 of the Act, 33 U.S.C. § 1342. At all relevant times, Respondent was not authorized to discharge pollutants from the facility to waters of the United States.

9.  On August 25, 2023, EPA transmitted, via e-mail, an information request letter pursuant to Section 308 of the Act. The letter, signed on August 23, 2023, requested information regarding discharges from the facility to the wetlands bordering the facility.

Docket No. CWA-06-2024-1746
Page 2

10. On September 18, 2023, a response to the information request was received by EPA, via e-mail. Discharge volume and locations cited in Numbers 11 through 13 were provided by the Respondent.

11. On July 11, 2022, Respondent had a liquid oxygen spill which discharged 36,000 gallons of liquid oxygen to the wetlands bordering the launch pad and adjacent to the Rio Grande.

12. On July 28, 2023, Respondent conducted the first full-up test of the launch pad water deluge system. An estimated 114,000 gallons of water was used in the test. Approximately, 45,300 gallons of the deluge water discharged to the wetlands bordering the launch pad and adjacent to the Rio Grande.

13. On August 6, 2023, Respondent conducted a static fire of starship super heavy booster with the water deluge system. An estimated 194,500 gallons of water was used in the test. An estimate 78,500 gallons were not captured. Its estimated 41,500 gallons of the 78,500 gallons were vaporized by heat and aerodynamic forces from the engines firing. Approximately 37,000 gallons from the water deluge system discharged to the wetlands bordering the launch pad and adjacent to the Rio Grande.

14. On November 18, 2023, Respondent launched its Starship rocket from the facility. Respondent utilized the water deluge system during the launch. An unknown volume of water from the deluge system discharged to the wetlands adjacent to the Rio Grande. On March 14, 2024, another launch is scheduled.

15. Each unauthorized discharge and each day an unauthorized discharge occurs, is a violation of Section 301 of the Act, 33 U.S.C. § 1311.

### SECTION 309(a)(3) COMPLIANCE ORDER

16. Based on the foregoing Findings and pursuant to the authority of Section 309(a)(3) of the Act, 33 U.S.C. § 1319(a)(3), EPA hereby orders Respondent to take the following action:

A. Take such measures necessary to eliminate unpermitted discharges to waters of the United States.

B. Within thirty (30) days of the effective date of this Order, Respondent shall submit a list of the specific actions taken to eliminate the unpermitted discharges.

C. Within thirty (30) days of the effective date of this Order, Respondent shall provide the following information associated with the November 18, 2023, Starship rocket launch and any launches since:
1. Volume of water used by the water deluge system.
2. Volume of water captured by the launch pad basins.
3. Volume of water not captured.
4. Volume of water discharged to the wetlands adjacent to the Rio Grande.

D. Within thirty (30) days of the effective date of this Order, Respondent shall submit a permit application to the TCEQ to acquire a permit to discharge to waters of the United States if Respondent plans on additional discharges.

E. In the event the Respondent believes complete correction of the violations cited herein is not possible within thirty (30) days of the effective date of this Order, Respondent shall, within thirty (30) days of the effective date of this Order, submit a comprehensive written plan for the elimination of the cited violations within the shortest possible time. Such plan shall describe in detail the specific corrective actions to be taken and why such actions are sufficient to correct the violations. The plan shall include a detailed schedule for the elimination of the violations within the shortest possible time, as well as measures to prevent these or similar violations from recurring.

F. Any information or correspondence submitted by Respondent to EPA under this Order shall be submitted, via e-mail, to the following:

   Mr. Alan Vaughn
   vaughn.alan@epa.gov

## GENERAL PROVISIONS

Respondent may seek federal judicial review of the Order pursuant to Chapter 7 of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

Issuance of this Section 309(a)(3) Compliance Order shall not be deemed an election by EPA to waive any administrative, judicial, civil, or criminal action to seek penalties, fines, or other relief under the Act for the violations cited herein, or other violations that become known to EPA. EPA reserves the right to seek any remedy available under the law that it deems appropriate.

Failure to comply with this Section 309(a)(3) Compliance Order or the Act may result in further administrative action, or a civil judicial action initiated by the United States Department of Justice.

For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2), performance of Paragraph 16 is restitution, remediation, or required to come into compliance with the law.

Compliance with the terms and conditions of this Order does not relieve Respondent of its obligation to comply with any applicable federal, state, or local law or regulation.

The effective date of this Order is the date it is received by Respondent.

March 13, 2024
Date

*Cheryl J. Seager*

Digitally signed by Cheryl T. Seager
Date: 2024.03.13 15:23:27 -05'00'

Cheryl T. Seager, Director
Enforcement and
 Compliance Assurance Division



**REGION 6**

DALLAS, TX  75270

April 15, 2024

TRANSMITTED VIA E-MAIL

Mr. Joesph C. Smith
Environmental Counsel
Space Exploration Corporation (SpaceX)
Rocket Road
Hawthorne, CA 90205

RE:   Administrative Order Docket Number: CWA-06-2024-1746
      Facility Identification Number:  TXU009110

Dear Mr. Smith:

Thank you for your April 4, 2024, letter responding to Administrative Order Docket Number CWA-06-2024-1746 (AO) issued for unauthorized discharges at the SpaceX launch pad in Boca Chica, Texas. Your response letter states that SpaceX activities and facilities at issue are covered under the Texas Pollutant Discharge Elimination System (TPDES) Multi Sector General Permit (MSGP) TXR05GD61, Sector AB – Transportation Equipment, Industrial or Commercial Machinery Manufacturing Facilities. Additionally, it is stated SpaceX prepared and implemented a detailed Stormwater Pollution Prevention Plan (SWPPP), which includes numerous Best Management Practices (BMPs) to control discharges, including construction of retention basins installation of protective curbing, plugging of outfalls during operations, and use of only potable water that does not come into contact with industrial processes.

The Environmental Protection Agency (EPA) acknowledges SpaceX has coverage under MSGP number TXR05GD61 for stormwater discharges; however, discharges from the water deluge system operations during rocket launching activities do not appear to be covered under TXR05GD61. The wastewater from the deluge system is categorized as a type of industrial/process wastewater that is not covered under MSGP Stormwater Permit TXR050000. This industrial/process wastewater requires an individual permit for discharge authorization. Therefore, it is EPA's position that the unauthorized discharges cited in the AO are correctly identified.

The EPA is committed to ensuring compliance with the requirements of the CWA and National Pollutant Discharge Elimination System (NPDES) program and my staff will assist you in any way possible. EPA welcomes the opportunity to discuss the information contained herein.

If you have any questions, please contact Mr. Alan Vaughn of my staff, at (214) 665-7487 or vaughn.alan@epa.gov.

Sincerely,

Cheryl T. Seager, Director
Enforcement and
 Compliance Assurance Division

ec:  kristy.deaver@tceq.texas.gov
     david.ramirez@tceq.texas.gov

     Sarah Banco, Sr. Director, Legal

     Matthew Thompson

     Sheila McCorkle