IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SAVE RGV,<br><br>        Plaintiff,<br><br>    v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>        Defendant, | Civil Action No. 1:24-CV-00148 |

**SPACE EXPLORATION TECHNOLOGIES CORP.'S SUR-REPLY IN FURTHER RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

**I.      INTRODUCTION**

Defendant Space Exploration Technologies, Corp. ("SpaceX") files this sur-reply to address new evidence and arguments that Plaintiff Save RGV ("Plaintiff") raises for the first time in its untimely reply in support of its motion for a preliminary injunction or temporary restraining order. ECF 19. As explained below, even if considered, Plaintiff's new evidence and continued, inexcusable delay in seeking relief showcase its complete failure to demonstrate immediate and irreparable harm justifying the extraordinary, emergency relief it seeks. Accordingly, the Court should deny Plaintiff's Motion.

**II.     ARGUMENT**

  **A.      Plaintiff's delay seeking relief proves there is no irreparable harm.**

Under well-settled Fifth Circuit law, a delay in seeking injunctive relief "'weighs heavily against a finding of irreparable injury.'" *See* SpaceX's Amended Opp'n, ECF 14, at 20-21 (quoting *Rimkus Consulting Grp., Inc. v. Cammarata*, 255 F.R.D. 417, 438 (S.D. Tex. 2008)). "[C]ourts

[have] generally considered[ed] anywhere from a three-month delay to a six-month delay enough to militate against issuing injunctive relief." *Leaf Trading Cards, LLC v. Upper Deck Co.*, No. 3:17-CV-3200-N, 2019 WL 7882552, at *2 (N.D. Tex. Sept. 18, 2019) (collecting Fifth Circuit cases).

Plaintiff's own Exhibit 10 shows that Plaintiff first objected to SpaceX's use of the deluge system at the very latest in July 2023—*more than fifteen months ago*. Ex. 10 to Pl.'s Reply, ECF 19-4, at 10-11 (July 31, 2023, e-mail from Plaintiff's Angela Jones complaining (incorrectly) to TCEQ that SpaceX's use of the deluge system is "without . . . the necessary permit" and a "very clear violation" of the Clean Water Act). From the time of that email in July 2023 until Plaintiff filed suit in October 2024, SpaceX used the deluge system sixteen times. 10/10/24 Declaration of Carolyn Wood ("10/10/24 Wood Decl."), ECF 8-16 at ¶ 23 & Ex. E (ECF 8-21). Yet, only on the virtual eve of SpaceX's fifth Starship-Super Heavy launch did Plaintiff file its Motion. Plaintiff's fifteen-month delay, and SpaceX's continual use of the deluge system during that time, guts Plaintiff's belated claim of irreparable harm.[1] The Court should also consider Plaintiff's dilatory conduct after it filed its Motion. After SpaceX filed its Opposition, ECF 8, Plaintiff waited fourteen days to file its Reply, well after the ten-day deadline under Local Rule 6.D.[2] *See* ECF 19. Plaintiff's

---

[1] Neither of the two cases cited by Plaintiff excuses its delay. *See* Pl.'s Reply, ECF 19, at 11-12. In *Optimus Steel*, the court excused the eleven-month delay because of the parties' lengthy negotiations to resolve the alleged violations. *Optimus Steel, LLC v. U.S. Army Corps of Eng'rs*, 492 F. Supp. 3d 701, 719-20 (E.D. Tex. 2020). And in *Sierra Club*, the party seeking injunctive relief filed its motion four months after the alleged violations. *See Sierra Club v. U.S. Army Corp. of Eng'rs*, 482 F. Supp. 3d 543, 555 (W.D. Tex. 2020). Here, Plaintiff admits that it did not even contact SpaceX until June 2024, and, in all events, didn't file its Motion until at least fifteen months after first complaining to TCEQ about the deluge system.

[2] Although Plaintiff's Reply suggests that its deadline was triggered by the filing of SpaceX's Amended Opposition brief on October 15, 2024 (*see* ECF 14), the only changes in the Amended Opposition were non-substantive and did not extend Plaintiff's reply deadline. *See* SpaceX's Amended Opp'n, ECF 14, at 1.

delay in litigating its Motion further undercuts any argument that "emergency" relief is necessary or that immediate and irreparable harm will occur absent relief. Plaintiff's multiple unexcused delays alone are grounds for the Court to deny the Motion.

**B.     Plaintiff has no evidence of irreparable harm.**

Plaintiff's new allegation that the "next discharge from the deluge system will cause irreparable harm" is contradicted by TCEQ's statement that the deluge system will <u>not</u> cause any environmental harm. *Compare* Pl.'s Reply, ECF 19 at 15, *with* Ex. B to 10/10/24 Wood Decl., ECF 8-18 at 3.[3] Plaintiff has failed to contest TCEQ's finding, which SpaceX explained in its opposition brief, ECF 14, at 18-19, and therefore concedes the point. *See, e.g.*, *George v. Abbott*, No. 3:24-cv-12, 2024 WL 3687103, at *8-9 (S.D. Tex. Aug. 6, 2024) ("The plaintiffs do not address this argument in their response . . . a failure to respond will be taken as a representation of no opposition.").

Moreover, the lab results from the most recent use of the deluge system—the use that Plaintiff attempted to stop—are all **<u>below</u>** the published TCEQ daily maximum effluent limitations for the metals in Plaintiff's Motion:

---

[3]     Plaintiff's Exhibit 12, TCEQ's Statement of Basis/Technical Summary and Executive Director's Preliminary Decision, also makes these related findings that undermine Plaintiff's assertions of harm:

- "[E]xisting water quality uses will not be impaired by" the deluge water; and
- The deluge water "is not expected to have an effect on any federal endangered or threatened aquatic or aquatic-dependent species or proposed species or their critical habitat."

Ex. 12 to Pl.'s Reply, ECF 19-6, at 1-2. Plaintiff ignores these statements by TCEQ, as well.

| Bases for Plaintiff's Claims of Irreparable Harm | TCEQ Daily Max Effluent Limit | Lab Results from Flight 5 |
|---|---|---|
| Total Copper | 8 ug/L | 7.6 ug/L |
| Total Zinc | 189 ug/L | 139 ug/L |
| Total Mercury | 2.08 ug/L | Non-detect, lower than what is detected per the reporting limit |
| Chromium (hexavalent) | 94 ug/L | 28.9 ug/L |

11/4/24 Declaration of Carolyn Wood ("11/4/24 Wood Decl.") at ¶ 4.

### C.    Plaintiff has no evidence of procedural harm, either.

Given the absence of any environmental harm from using the deluge water system, Plaintiff resorts to alleging procedural harm. Plaintiff argues that SpaceX should have a different type of permit—an individual permit instead of coverage under the Texas MSGP. ECF 19, at 11, 13.

But procedural harm cannot support injury in fact sufficient to show standing, much less the immediate and irreparable harm required to obtain a preliminary injunction. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496-97 (2009); *Nat'l Parks Conservation Ass'n v. U.S. Forest Serv.*, No. 15-CV-01582-APM, 2016 WL 420470, at *11 (D.D.C. Jan. 22, 2016). Plaintiff never addresses these cases or explains why it is not seeking to vindicate procedural harm. Instead, it contends that it is seeking to vindicate environmental harm, but it has no evidence of environmental harm, as set forth above. Accordingly, Plaintiff concedes the point. *See, e.g.*, *George*, 2024 WL 3687103, at *8-9 (S.D. Tex. Aug. 6, 2024).

### III.    CONCLUSION

In addition to failing to show irreparable harm, Plaintiff also has failed to meet any of the other requirements for obtaining the emergency relief it seeks. As detailed in SpaceX's Opposition brief (ECF 14), Plaintiff cannot show a likelihood of success on the merits for numerous reasons,

and the public interest and balance of harms clearly favor allowing continued use of the deluge system and the Starship-Super Heavy launch program that system supports. Based on the foregoing reasons and the reasons set forth in SpaceX's Opposition to Plaintiff's Motion, SpaceX respectfully requests that the Court deny Plaintiff's Motion.

Dated: November 4, 2024

Respectfully submitted,

By: */s/ David L. Feinberg*
David L. Feinberg, Attorney-In-Charge
DC Bar No. 982635
S.D. Tex. Bar No. 3882833
VENABLE LLP
600 Massachusetts Avenue NW
Washington, DC 20001
202.344.8278
202.344.8300
dlfeinberg@venable.com

Tyler Welti, *pro hac vice*
California Bar No. 257993
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
415.653.3714
415.653.3755 (fax)
tgwelti@venable.com

David G. Oliveira
State Bar No. 15254675
Federal ID No. 34165
ROERIG, OLIVEIRA & FISHER, LLP
10225 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
doliveira@rofllp.com

*Attorneys for Defendant Space Exploration Technologies Corp.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been filed via CM/ECF and is available for viewing and downloading electronically and has been served on all parties signed up for CM/ECF on November 4, 2024.

                                                 */s/ David L. Feinberg*
                                                 David L. Feinberg