# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| SAVE RGV, § | |
|    Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:24-CV-00148 |
| SPACE EXPLORATION TECHNOLOGIES § | |
| CORP., § | |
|    Defendant. § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
**Under Rule 26(f) of the Federal Rules of Civil Procedure**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Conference (ECF No. 3), Plaintiff Save RGV ("Plaintiff") and Defendant Space Exploration Technologies Corp. ("SpaceX" or "Defendant") jointly file this Discovery/Case Management Plan.

1. **State where and when the conference among the parties required by Rule 26(f) and identify the counsel who attended for each party.**

    Counsel for the parties held the Rule 26(f) conference on November 7, 2024 via teleconference. Counsel present:

    For the Plaintiff: Lauren Ice.

    For the Defendant: David L. Feinberg; Lea C. Mano.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    *Carrizo/Comecrudo Nation of Texas Inc., South Texas Environmental Justice Network, Save RGV v. Texas Commission on Environmental Quality*, Cause No. D-1-GN-24-010020, pending in the 126th Judicial District Court of Travis County, Texas (filed Dec. 16, 2024).

3. **Specify the allegation of federal jurisdiction.**

    Plaintiff alleges that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 33 U.S.C. § 1365(a) (Clean Water Act

citizen suit to enforce effluent standards or limitations). Plaintiff alleges that the relief requested is authorized by 28 U.S.C. §§ 2201 and 2202 (further necessary or proper relief based on a declaratory judgment), 33 U.S.C. §§ 1319(b), 1365(a) (injunctive relief), and 33 U.S.C. §§ 1319(d), 1365(a) (civil penalties).

4. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   Defendant agrees that this dispute involves a federal question but disagrees that the Court has jurisdiction because Plaintiff lacks standing and because Plaintiff's claims are moot. Defendant expects to explain in its forthcoming motion to dismiss that Plaintiff has not met its burden of establishing Article III standing to challenge use of the deluge system. Plaintiff claims to have standing based solely on one member Ms. Angela Branch.

   Plaintiff also claims to have standing because it is a member association. However, it is Defendant's position that Plaintiff was a non-member association during the period when Plaintiff initiated its suit by sending its initial notice letter and also during most of the alleged discharges of which Plaintiff complains.

   Second, the case has been rendered moot by enforcement actions taken by the Texas Commission on Environmental Quality ("TCEQ") and the United States Environmental Protection Agency ("EPA"). Defendant contends that this case centers on past discharges of clean water that Plaintiff alleges allegedly violated Clean Water Act permitting requirements. Defendant denies that any permitting violations have occurred because the discharges were authorized under the Texas Pollutant Discharge Elimination System Multi Sector General Permit ("MSGP"). In any case, the alleged violations have been fully resolved by enforcement actions undertaken by state and federal agencies. These agency orders resulting from their diligent enforcement of the Clean Water Act resolve past alleged violations, provide for continued use of the deluge system subject to numerous requirements, and moot and preclude Plaintiff's claims. Moreover, TCEQ is currently considering issuing an individual permit to SpaceX for the use of its deluge water system, which would further moot any claims that future deluge system water discharges are unpermitted.

   On February 20, 2025, Defendant will file a motion to dismiss or, in the event that a contested case is scheduled, a motion to dismiss or, in the alternative, a motion to stay the case until the individual permit issues.

5. **List anticipated additional parties when they can be added, if any.**

   No additional parties are anticipated.

6. **List anticipated interventions, if any.**

   Under the Clean Water Act citizen suit provision, the EPA has a statutory right to intervene. *See* 33 U.S.C. § 1365(c)(2). Plaintiff has served a copy of the complaint

2

on the Attorney General and EPA Administrator, pursuant to 33 U.S.C. § 1365(c)(3), but the parties do not have any insight into whether an intervention will occur or is likely.

7. **Describe class-action issues, if any.**

    Not applicable.

8. **State whether each party has completed the initial disclosures required by Rule 26(a). If not, describe the arrangements to complete the disclosures.**

    The parties exchanged initial disclosures under Rule 26(a)(1) on January 15, 2025.

9. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

        i. **Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

            The parties agreed to mutually propose that discovery be conducted in three phases, as follows. First, the parties agreed to limit discovery to standing issues relevant to Defendant's motion to dismiss. The parties are currently engaged in that discovery.

            Second, if the Court were to deny Defendant's motion to dismiss, the parties would request a status conference with the Court to set forth the schedule for discovery on the merits of Plaintiff's claims against Defendant. The parties anticipate phase two of discovery, should there be such a phase, will cover Plaintiff's contentions that Defendant violated the Clean Water Act's requirement that a person obtain a permit prior to the discharge of pollutants, and that such discharges are ongoing and continuous. Discovery topics will include whether, when, how, and under what circumstances such discharges occurred.

            Third, following a decision on the merits of the case, parties would conduct discovery on the Clean Water Act penalty factors, attorneys' fees, or litigation costs incurred by the parties, as necessary.

        ii. **Rule 26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

            None have been identified by the parties at this time. The parties agree to accept electronic service of discovery requests and responses. Parties will produce electronically-stored information in the form in which it is organized and kept by the respective organizations, meaning it will be

        produced in native and unaltered electronic format with associated metadata, and only in an alternative electronic format or a print format if either party requests it because the native electronic format is inaccessible or illegible.

    **iii.**    **Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

        None has been identified by the parties at this time. Defendant has submitted a proposed protective order to Plaintiff to provide protection for certain confidential documents and information that may be exchanged in this case. The parties will confer regarding this proposed order for submission to the Court.

    **iv.**    **Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

        None, other than the parties agree to accept service via electronic means, including e-mail.

    **v.**    **Rule 26(f)(3)(F): Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

        The parties request that the Court issue an order adopting the proposed schedule identified above.

**b. When and to whom the <u>plaintiff</u> anticipates it may send interrogatories.**

    Because the parties are organizations, interrogatories will be directed to the organization and will be verified by the appropriate representative, as necessary. Save RGV has served interrogatories on SpaceX. SpaceX currently has not provided answers on the basis that Save RGV's discovery is not relevant to the agreed-upon scope of discovery for phase I: standing issues relevant to Defendant's forthcoming motion to dismiss. Parties are continuing to confer about discovery. Save RGV will serve additional interrogatories if the Court denies Defendant's motion to dismiss.

**c. When and to whom the <u>defendant</u> anticipates it may send interrogatories.**

    SpaceX anticipates serving interrogatories on Save RGV if the Court does not grant SpaceX's forthcoming motion to dismiss.

d. **Of whom and by when the <u>plaintiff</u> anticipates taking oral depositions.**

> Save RGV may take depositions of Katy Groom, SpaceX's Director of Environmental Regulatory Affairs; Carolyn Wood, SpaceX's Senior Environmental Regulatory Engineer; or any other witness/declarant whose testimony SpaceX relies on in support of its motion to dismiss. Save RGV may also take the deposition of a SpaceX corporate representative in anticipation of SpaceX's motion to dismiss. Should the Court deny Defendant's motion to dismiss, Save RGV may take the deposition of other persons identified in disclosures, designated as a fact or expert witness, or other unknown persons in light of evidence found in discovery.

e. **Of whom and by when the <u>defendant</u> anticipates taking oral depositions.**

> On January 29, 2025, Defendant will take a Rule 30(b)(6) deposition of Save RGV's designee on standing issues relevant to Defendant's motion to dismiss. This deposition will be held without prejudice to a separate Rule 30(b)(6) deposition, if the Court does not grant Defendant's motion to dismiss.

> Also, if the Court does not grant Defendant's motion to dismiss, Defendant may take oral depositions of certain other members of Plaintiff identified in the parties' respective initial disclosures, and any other necessary fact and/or expert witnesses. Defendant may also take additional depositions of unknown persons in light of evidence found in discovery.

f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

> Under the parties' proposed approach, the parties would request a status conference if the Court denies Defendant's motion to dismiss to set forth the schedule for the merits of the case. In general, however, Plaintiff will be able to designate expert witnesses at least 180 days before the discovery deadline, and Defendant will be able to designate responsive experts in accordance with Federal Rule of Civil Procedure 26(a)(2)(D) and Local Rule 9(A)(5)—at least one hundred and twenty days before the discovery deadline.

g. **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

> Under the parties' proposed approach, the parties would request a status conference if the Court denied Defendant's motion to dismiss to set forth the schedule for the merits of the case. In general, the Parties will determine which expert depositions to take after expert reports have been filed. The

parties anticipate completing all depositions by the discovery deadline, and any party who proposes to offer deposition testimony shall identify the page and line numbers to be offered at the time of filing and serving pretrial disclosures.

**h. List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Under the parties' proposed approach, the parties would request a status conference if the Court denied Defendant's motion to dismiss to set forth the schedule for the merits of the case. In general, the Parties will determine which expert depositions to take after expert reports have been filed. The parties anticipate completing all depositions by the discovery deadline, and any party who proposes to offer deposition testimony shall identify the page and line numbers to be offered at the time of filing and serving pretrial disclosures.

**10. If the parties cannot agree on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree.

**11. Specify the discovery beyond initial disclosures that has been undertaken.**

On November 20, 2024, Plaintiff propounded requests for document production, interrogatories, and requests for admission on Defendant.

On November 23, 2024, Defendant propounded requests for document production on Plaintiff.

The parties have scheduled a Rule 30(b)(6) deposition of Save RGV's designee regarding standing issues to be held on January 29, 2025. This deposition will be held without prejudice to a separate Rule 30(b)(6) deposition covering other topics, if the Court were to deny Defendant's motion to dismiss.

By mutual agreement, the parties limited responses to those requests and interrogatories relevant to Defendant's anticipated motion to dismiss—focusing specifically on issue of standing. On January 17, 2025, the parties exchanged objections and responses to each other's discovery. Plaintiff produced documents and communications in response to certain previously identified requests for document production propounded on it by Defendant on the issues to be addressed in Defendant's forthcoming motion to dismiss.

At that time, Plaintiff had not yet designated which categories it deemed relevant, which the parties then discussed on January 22, 2025. On January 22, 2025, Plaintiff identified certain discovery that it requested as relevant to Defendant's motion to dismiss. Defendant agreed to take the requests under advisement.

>The parties will meet and confer to discuss any concerns regarding the scope of discovery and responses following this initial exchange and will notify the Court of any discovery disputes.

12. **State the date the planned discovery can reasonably be completed.**

   >The date on which discovery can reasonably be completed will depend on the resolution of Defendant's forthcoming motion to dismiss. However, the parties currently anticipate that they can complete discovery (other than on CWA penalty factors, attorney's fees, and costs as discussed above) 90 days before the Joint Pretrial Order.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   >During the Rule 26(f) conference, Plaintiff informed Defendant that it will provide a settlement offer, which Defendant will consider in good faith.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   >Prior to the suit being filed, upon receipt of Plaintiff's notice letter, Defendant requested a settlement conference with Plaintiff. Counsel for Plaintiff and Defendant conferred, but settlement was unsuccessful.

   >During the Rule 26(f) conference on November 7, 2024, Plaintiff informed Defendant that it will provide a settlement offer. Plaintiff recently provided this offer, and Defendant is considering it in good faith. Settlement discussions have been unsuccessful but remain ongoing.

15. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used here.**

   >If the parties believe that it would be productive, the parties will seek the assistance of a private mediator. No Court assistance is needed at this time with regard to alternative dispute resolution.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   >The parties do not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

   >Neither party has made a jury demand at this time. Defendant's deadline to answer will arise, if at all, after the Court addresses the Defendant's motion to dismiss.

Defendant has therefore not yet filed a responsive pleading. If the Court denies Defendant's motion to dismiss, Defendant may demand a jury trial.

**18. Specify the number of hours it will take to present the evidence.**

Parties estimate that the trial would take less than five (5) days.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

No pending motions at this time.

**20. List other pending motions.**

None.

**21. Convey other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Defendant states the following: With respect to discovery, it is undisputed that only recently Plaintiff became a member association. Previously, Plaintiff was a non-member association, including during the period when Plaintiff initiated its suit by sending its initial notice letter. Plaintiff was also a non-member association during most of the alleged discharges of which Plaintiff complains. Nevertheless, Plaintiff has taken the position that it will not provide documents and other discovery on at least one of the so-called "indicia of membership" factors. These factors typically govern whether an organization has members whose interests it can represent in federal court. *Friends of the Earth, Inc. v. Chevron Chemical Co.*, 129 F.3d 826, 829 (5th Cir. 1997). Plaintiff's refusal to provide such discovery raises several issues, including (i) whether Plaintiff has failed to prove its associational standing, and/or (ii) whether the Court must compel Plaintiff to provide discovery.

**22. List and summarize all issues pending in the case. Include a statement that counsel have met and agreed on the summation list of issues.**

Plaintiff and Defendant have met and agreed that the following are the list of issues pending in the case.

The issues involved in adjudicating the merits of the case include the following:

i. Whether SpaceX discharged pollutants into waters of the U.S. without the requisite permit under the Clean Water Act, including whether Defendant's discharges are and were covered by the Texas Pollutant Discharge Elimination System Multi Sector General Permit (the "Texas MSGP").

ii. Whether those discharges were ongoing and likely to continue at the time Save RGV filed its complaint.

  iii. Whether Save RGV is entitled to its requested relief, including declaratory and remedial relief, and the imposition of civil penalties.

Defendant expects to argue in its anticipated motion to dismiss that Plaintiff lacks standing, its claims are moot, and its claims are precluded by the Clean Water Act's diligent prosecution bar, such that the parties also expect the following issues to be adjudicated with Defendant's motion to dismiss:

  i. whether the case should be dismissed because of diligent prosecution;

  ii. whether the case should be dismissed because of mootness;

  iii. whether the case should be dismissed for lack of standing; and

  iv. whether, on the merits of the case, Defendant is and was covered by the Texas MSGP.

The parties will also address attorneys' fees under the Clean Water Act's citizen suit provision, 33 U.S.C. § 1365(d), and the Clean Water Act's penalty factors, as necessary.

**23. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**Counsel for Plaintiff(s):**

Name: Lauren Ice (State Bar No. 24092560; S.D. Tex. Bar No. 3294105); Marisa Perales (pro hac vice) (Perales, Allmon & Ice, P.C.) (State Bar No. 24002750)

Bar Number: 24092560; 24002750

Address: 1206 San Antonio St., Austin, TX 78701

Telephone: (512) 469-6000           Date: 1/28/2025

**Counsel for Defendants(s):**

Name: David L. Feinberg, Attorney-In-Charge (Venable LLP) (S.D. Tex. Bar No. 3882833); Tyler Welti (pro hac vice) (Venable LLP) (California Bar No. 257993); David G. Oliveira (Roerig, Oliveira & Fischer, LLP) (State Bar No. 15254675; Federal ID No. 34165)

Address: 600 Massachusetts Avenue NW, Washington, DC 20001; 101 California Street, Suite 3800, San Francisco, CA 94111; 10225 N. 10th Street, McAllen, Texas 78504

Telephone: 202.344.8278; 415.653.3714; 956.393.6300       Date: 1/28/2025

Approved:

/s/*Lauren Ice*                                              1/28/2025
Attorney-in-Charge, Plaintiff                                Date

/s/*David Feinberg*                                          1/28/2025
Attorney-in-Charge, Defendant                                Date

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been filed via CM/ECF and is available for viewing and downloading electronically and has been served on all parties signed up for CM/ECF on January 28, 2025.

                                                */s/ David L. Feinberg*
                                                David L. Feinberg